# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ALVIN ESPRIT | CIVIL ACTION NO. 0 6-0311 |
| VS. | SECTION P |
| LA. DEPARTMENT OF CORRECTIONS | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 17, 2006, by *pro se* plaintiff Alvin Esprit. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the East Carroll Parish Detention Center (ECPDC), Lake Providence, Louisiana. He claims that his incarceration at that institution is unlawful and seeks a transfer to an LDOC facility. He named East Carroll Parish Sheriff Mark Shumate and ECPDC Warden John Gunter as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

On some unspecified date, plaintiff was convicted of some unspecified felony in the Orleans Parish Criminal District Court and sentenced to serve nine years at hard labor in the custody of the LDOC. He was originally incarcerated at the LDOC's Hunt Correctional Center.

On September 16, 2003, the LDOC transferred him to his present place of confinement. Plaintiff claims that this custody arrangement violates Louisiana law, specifically La. R.S.15:824, and various unspecified rights guaranteed by the United States Constitution. He wants an immediate transfer to an LDOC facility.

## LAW AND ANALYSIS

### 1. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998); see also 28 U.S.C.A. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir.1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d

397, 400 (5th Cir.1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

Plaintiff has submitted an articulate *pro se* complaint. It is clear that plaintiff has articulated all of the facts available in support of his claim. In short, it appears that plaintiff has pleaded his best case. Therefore, further amendment of the complaint is unnecessary.

Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff's claims are frivolous and that he has failed to state claims upon which relief may be granted.

## 2. Liberty Interest

Plaintiff, by his own admission, was convicted and sentenced to serve a hard labor sentence under the supervision of the LDOC. He is therefore lawfully incarcerated.

Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners do not have a constitutionally derived liberty interest in being held in any

3

particular institution. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

In short, plaintiff had no constitutionally derived liberty interest in where he is incarcerated, and his claims are clearly frivolous.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

---

[1] Further, the statute cited by plaintiff, La. R.S.15:824 provides, "Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections <u>and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department;</u>..." Plaintiff does not show how his present incarceration is in violation of this state statute.

4

the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE